**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen S Bray, | No. CV-19-08123-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

In October 2014, Plaintiff Karen Bray applied for disability insurance benefits and supplemental security income, alleging that she became disabled on August 1, 2012 because of the combined effects of sleep apnea, fibromyalgia, depression, hypertension, anemia, edema, fatigue, and hypoglycemia. (AR 16, 61.) After state agency reviewers denied her applications, Bray requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 74, 89, 111, 131, 154.) During the hearing, Bray amended her disability onset date to September 1, 2014, and both she and a vocational expert ("VE") testified. (*Id.* at 35-58.)

On March 14, 2018, the ALJ denied Bray's application. (*Id.* at 16-28.) In doing so, the ALJ followed the five-step sequential process for evaluating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Bray has not engaged in substantial gainful activity since September 1, 2014, her amended alleged disability onset date. (AR 18.) At step two, the ALJ found that Bray's fibromyalgia, anemia, and edema qualify as

severe impairments, but that her other impairments, including depression, are non-severe because they cause no more than minimal limitations in work-related functions. (*Id.* at 18-19.) At step three, the ALJ found that Bray does not have an impairment or combination of impairments that would be treated as presumptively disabling under the Social Security Act. (*Id.* at 21.) At step four, the ALJ found that Bray has the residual functional capacity ("RFC") to perform sedentary work, and that Bray remains capable of performing her past relevant work as a payroll clerk and supervisor. (*Id.* at 22, 27.) As such, the ALJ did not proceed to step five, which asks whether a claimant who cannot perform her past relevant work can nonetheless perform other jobs in the national economy, and instead found Bray not disabled. (*Id.* at 27.) The ALJ's decision became final when the Social Security Administration's Appeals Council denied Bray's request for review. (*Id.* at 2.)

Bray seeks judicial review. The Court has jurisdiction under 42 U.S.C. § 405(g) and will uphold the ALJ's decision unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record (Docs. 11-14), the Court finds that the ALJ erred at step two and therefore reverses and remands for further proceedings.

At step two, the ALJ found that Bray's depression "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (AR 19.) Step two is a de minimis screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when [her] conclusion is 'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ found Bray's depression was not severe "based on her conservative treatment and her failure to pursue counseling through a psychologist[.]" (AR 21.) In doing so, the ALJ gave less weight to a medical source statement from consultative psychological examiner Dr. Rose, who opined that Bray is likely to display mild to moderate deficits in understanding, memory, concentration, persistence, and social

interaction in a work setting. (*Id.* at 540.) Likewise, the ALJ only partially credited the assessments of state agency consultants Drs. Rolison and Bludworth, who determined that Bray is moderately limited in concentration.[1] (*Id.* at 66-68, 73, 102, 104.)

The Court finds that Bray's conservative treatment and failure to pursue psychological counseling does not amount to "clearly established medical evidence," particularly considering these medical assessments. It might be true that Bray's depression is not as severe as she alleges. But a severe finding at step two does not necessarily require the ALJ to later find work-preclusive limitations after considering all other relevant evidence. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) ("The step two and step five determinations require different levels of severity of limitations such that the satisfaction of the requirements at step two does not automatically lead to the conclusion that the claimant has satisfied the requirements at step five."). A step-two severity finding simply means that the claim is not screened out as groundless, and the ALJ must analyze the claim at later steps in the sequential evaluation process. Here, the ALJ was too quick to dismiss Bray's claim of mental impairment, and the erroneous dismissal at step two was not harmless because the ALJ did not address Bray's depression or alleged mental impairment at step four.[2] *See Mixon v. Comm'r of Soc. Sec. Admin.*, No. CV-16-02712-PHX-DLR, 2017 WL 4296665, at *3 (D. Ariz. Sep. 28, 2017). Accordingly,

**IT IS ORDERED** that the Administration's non-disability decision is **REVERSED** and **REMANDED** for further proceedings. On remand, in addition to considering Bray's depression at later steps in the sequential evaluation process, the ALJ should feel free to revisit the lay witness evidence (which was not addressed below), Bray's symptom

---

[1] Bray's arguments concerning the opinion of consultative psychologist Dr. Krabbenhoft are unpersuasive. Dr. Krabbenhoft found Bray had no limitations in sustained concentration and persistence, social interaction, and adapting to change. (AR 524.) She noted that Bray "may struggle to recall detailed, visual information when given a delay," but ultimately concluded that Bray had no mental limitations expected to last 12 continuous months. (*Id.*) Bray is not harmed by the ALJ's partial rejection of an opinion that, even if credited, would not have supported Bray's allegations of significant mental impairment.

[2] Notably, the VE testified that an individual limited to simple, routine, repetitive tasks could not perform any of Bray's past relevant work (AR 54), suggesting that the ALJ would have been required to advance to step five of the sequential evaluation process had she incorporated some mental functional limitations into Bray's RFC.

testimony, and the opinion of Bray's treating physician in light of the alternative arguments raised in the briefs. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 2nd day of November, 2020.

Douglas L. Rayes
United States District Judge